IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

|  |  |
|---|---|
| NEW YORK MARINE AND GENERAL INS. CO, t/a CO/ACTION SPECIALTY INS. GRP., <br> Petitioner, <br> v. <br> RIDGELL OIL COMPANY, INC., <br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Case No. GLS-22-2346 |

**MEMORANDUM OPINION AND ORDER**

On September 15, 2022, this matter was assigned to the undersigned for all further proceedings, to which the parties consented. (ECF Nos. 7, 13, 16).

Pending before this Court is a "Petition for Order Appointing Umpire," filed by New York Marine and General Ins. Company, t/a Co/Action Special Insurance Group ("Petitioner"). (ECF No. 1). Ridgell Oil Co., Inc. ("Respondent") has filed a response thereto, Petitioner has filed a Reply, and the parties have filed a Joint Status Report ("JSR") and a joint supplemental letter. (ECF Nos. 11, 14, 22, 24). The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021). For the reasons set forth below, Petitioner's request is **GRANTED**, and the Court appoints the umpire listed herein.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The parties agree that Petitioner provided commercial property insurance to Respondent for a property located in Mechanicsville, MD, which was in effect for the period of November 1, 2020 through November 1, 2021. The insurance policy ("the Policy") contains language about

how to determine the amount of loss to the insured's property upon the occurrence of a triggering event:

> **E. Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:
>
> . . .
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.

(ECF No. 1-1, p. 91)("Appraisal Provision").

On February 27, 2021, Petitioner sent a letter to Respondent related to the condition of the roof at the Mechanicsville property. On April 7, 2021, Respondent lodged a claim with Petitioner for storm damage that occurred to the roof on or about March 17, 2021. (ECF Nos. 1-2, 1-3). Between April 2021 and June 2021, Petitioner hired an independent adjuster who inspected the roof and found interior and exterior damage. Based on his assessment, Petitioner paid Respondent $1,646.72 actual cash value, a figure arrived at following subtractions for depreciation, the deductible, and a coinsurance penalty. The independent adjuster also prepared an estimate in the amount of $12,226.89 for Respondent to replace and/or repair the roof. (ECF Nos. 1-3, 1-4, 1-5). Dissatisfied with these findings, Respondent hired its own public adjuster, who submitted a counter-estimate for that work in the amount of $215,295.74. (ECF No. 1-6). Thereafter,

Petitioner hired an additional roofing consultant who reinspected the roof. Respondent filed a claim with the Maryland Insurance Administration ("MIA"), alleging that Petitioner had breached its contractual obligations to pay damages pursuant to the Policy; and Petitioner made a supplemental payment to Respondent. After the MIA issued its final decision in favor of Petitioner, the parties, consistent the Appraisal Provision, selected an individual to serve as an appraiser. (ECF Nos. 1-6 through 1-13).

Because the appraisers could not agree on the amount of loss nor on an umpire to resolve their disputes, Petitioner filed the instant action seeking court appointment of an umpire. (ECF No. 1). Respondent agrees that appointment of an umpire is necessary to resolve the impasse. (ECF No. 11).

On November 7, 2022, the undersigned held a telephonic status conference with the parties. (ECF No. 19). Thereafter, the Court directed the parties to provide a JSR, informing the Court as to the correct loss figure, and the calculations related thereto, by no later than November 21, 2022. (ECF No. 20). On November 21, 2022, the parties filed a JSR. (ECF No. 22). Regarding the appraisal/loss assessment process to occur, both parties agrees that their appraisers and the umpire shall "determine the scope and cost of the work required to repair or replace the covered loss pursuant to the [A]ppraisal [P]rovision." (*Id.*)[1]. The parties also agree that the appraisal award "is the amount of loss determined by the appraisers and umpire, less any monies that Petitioner already paid to Respondent on the claim." (*Id.*).

---

[1] In one sentence in the JSR, the parties disagree as to whether this Court should find that *State Auto. Mut. Ins. Co. v. Rod & Reel, Inc.*, Civ. No. PWG 18-340, 2018 WL 5830734 at *7 (D. Md. Nov. 7, 2018) contains certain factors for their appraisers and the umpire to consider when analyzing the Appraisal Provision. (ECF No. 22, p. 2). Neither side offers argument to support their respective positions for adopting or rejecting the rulings made in *State Auto*. In addition, the Court has reviewed the Policy and finds that several provisions in the Policy set forth factors to consider. *See, e.g.,* ECF No. 1-1, pp.82-119. Accordingly, the Court declines to order the parties to follow or reject the findings in *State Auto*.

## II.     DISCUSSION

Petitioner has proposed one umpire candidate to the Court, and Respondent has proposed four different umpire candidates. All of the candidates are distinguished former judges: Hon. William G. Connelly (Ret.), Hon. Richard Sothoron (Ret.); Hon. Arthur M. Ahalt (Ret.); Hon. Ann S. Harrington (Ret.); and Hon. C. Phillip Nichols, Jr. (Ret.).

Respondent objects to the qualifications of Petitioner's candidate, arguing generally that he lacks the "specific prior experience" required of an appraisal umpire. (Response, p. 3). Petitioner counters that its candidate has extensive mediation and arbitration experience in insurance property loss disputes, and has been appointed twice by judges to serve as an umpire to perform appraisals in insurance matters. (Reply, p. 1-2; ECF Nos. 14-1, 14-4).

Two of Respondent's four candidates have served as umpires, one on approximately twenty-five occasions (Judge Sothoron), and the other in approximately twenty instances (Judge Ahalt). (Response, pp. 3-4). These two candidates previously have been appointed by other judges to serve as umpires in approximately seven cases (Judge Sothoron) and four cases (Judge Ahalt), all related to insurance disputes involving appraisals. (*Id.*).

Regarding Respondent's candidates, Petitioner only objects that two have no prior experience as an appraisal umpire. (Reply, p. 2). Petitioner does not affirmatively object to Judges Sothoron and Ahalt, focusing instead on its proposed candidate's "exceptional qualifications and reputation for impartiality in [the District of Maryland, which] make him the best choice to serve as an umpire." (*Id.*). Alternatively, Petitioner requests that the Court "independently select an unbiased umpire who has not been proposed by either party, and who is known to the Court to have the experience and expertise needed to serve as the umpire." (*Id.*).

The Appraisal Provision is silent on the qualifications of an umpire, however, both parties agree that the person selected should be competent and impartial. In addition, both parties seek someone with experience in handling insurance disputes, familiarity with appraisals, and experience as an appraisals umpire. Furthermore, both parties have said that the estimated fees of all proposed umpires is approximately the same, so cost is not a material factor to this Court's decision. (ECF Nos. 11, 14, 22, 24).

Another federal court has held that "generally accepted insurance principles dictate only that 'an umpire selected to arbitrate a loss should be disinterested, unprejudiced, honest and competent.'" *Brothers v. Generali U.S. Branch*, Civ. No. 1:97cv798(MHS), 1997 WL 578681, at *3 (N.D. Ga. Jul. 11, 1997)(citing 6 John Appleman & Jean Appleman, *Insurance Law and Practice*, § 3298, at 554 (1972)(footnote omitted)).

The Court has reviewed the Appraisal Provision and all of the materials submitted by the parties as to the umpire candidates' qualifications, including all of the curricula vitae. (ECF Nos. 11-1 through 11-4; 14-2). Three of the candidates possess the specific requisite experience making them extremely competent and well suited for serving as an insurance appraisal umpire: Judges Connelly, Sothoron and Ahalt, with Judge Sothoron having a great number of appraisal cases and appointments. There is no allegation that any of the three would be anything other than honest and fair.

There are two material facts that distinguish one of Respondent's candidates from Petitioner's candidate: Respondent also represents that: (1) its counsel has "never communicated with Judge Sothoron;" and (2) its "Appraiser has never been involved in an appraisal where [Judge Sothoron] served as an umpire." (Opposition, p. 4). In its Petition and Reply, Petitioner makes no such representations as to disinterest nor that its candidate has never acted as an umpire in an

5

appraisal process involving its appraiser or its counsel. Accordingly, in the absence of a statement from Petitioner that there has not been any pre-existing relationship or involvement, and given the qualifications of Judge Sothoron, the Court will appoint the Hon. Richard Sothoron (Ret.) to serve as umpire.

### III.   CONCLUSION

Accordingly, for the above-mentioned reasons, it is this <u>6th</u> day of January, 2023, hereby **ORDERED**:

1. The Hon. Richard Sothoron (Ret.) is appointed as umpire;
2. The parties shall provide the umpire with a copy of the JSR filed in this case, (ECF No. 22);
3. In accordance with the terms of the Appraisal Provision, each party will pay one half of the costs associated with his appointment and service as umpire; and
4. The Clerk of the Court is directed to docket this Memorandum Opinion and Order and **CLOSE** the case.

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge